IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Almon Anderson,<br><br>   Plaintiff,<br><br>  v.<br><br>Johnie Edward Wood, Individually, Patriot Truck Lines, LLC & John Doe,<br><br>   Defendants. | CIVIL ACTION NO.: ~~XXX~~ 3:23-cv-05221-MGL<br><br>**COMPLAINT**<br>(Jury Trial Demanded)<br><br>(Negligence; Negligent Entrustment; Negligent Hiring, Supervision, Retention, and Training) |

Almon Anderson ("Plaintiff"), by and through the undersigned attorneys and complaining of Johnie Edward Wood, Patriot Truck Lines, LLC, and John Doe (hereinafter, collectively "Defendants"), would allege and show unto this Honorable Court the following:

**PARTIES, JURISDICTION AND VENUE**

1. That a motor vehicle collision which caused serious injuries and significant damages to Plaintiff occurred on or about December 8, 2020 near Columbia, South Carolina, located within Lexington County, South Carolina.

2. That at the time of the motor vehicle collision, Plaintiff was a citizen and resident of Lexington County, South Carolina.

3. That at the time of the motor vehicle collision, Defendant Johnie Edward Wood ("Wood") was, upon information and belief, a citizen and resident of Washington County, Florida.

4. At all times relevant hereto, Wood was, upon information and belief, a motor carrier driver pursuant to 49 C.F.R. Part 392.3 and 49 C.F.R. Part 395.1 and 49 C.F.R. 395.8.

5.      That at the time of the motor vehicle collision, Defendant Patriot Truck Lines, LLC ("Patriot") was, upon information and belief, a foreign limited liability company with its principal place of business in the State of Alabama.

6.      At all times relevant hereto, Patriot engaged in interstate commerce, and regularly and systematically conducted affairs and business activities in the State of South Carolina and, more particularly, Lexington County.

7.      That at the time of the motor vehicle collision, Defendant John Doe ("Doe") was, upon information and belief, an operator of a motor vehicle on I-20 in Lexington County whose identity is unknown to Plaintiff.

8.      Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction based on complete diversity of citizenship of the parties and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9.      In accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Columbia Division of the District of South Carolina, as the alleged acts or omissions occurred in Lexington County, State of South Carolina.

## FACTUAL ALLEGATIONS

10.      Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein verbatim.

11.      At all times relevant hereto, Wood was an employee, agent, and legal representative of Patriot and acting in the ordinary course and scope of his employment.

12.      Patriot controlled the actions of Wood on December 8, 2020 and therefore is responsible for his actions and inactions on December 8, 2020.

13.  On or about December 8, 2020, at approximately 1:50 p.m., Plaintiff was a restrained driver traveling east on I-20 near Columbia, South Carolina.

14.  At or about the same time, Doe was operating a motor vehicle traveling east on I-20 near Columbia, South Carolina, some distance ahead of Plaintiff's vehicle.

15.  On that same date and at that same time, Wood, while operating a commercial motor vehicle in the ordinary course and scope of his employment with Patriot, was also traveling east on I-20 near Columbia, South Carolina, directly behind Plaintiff's vehicle.

16.  At all times relevant hereto, Patriot owned the commercial motor vehicle being operated by Wood.

17.  At all times relevant hereto, Wood and Patriot were responsible for maintaining the commercial motor vehicle owned by Patriot.

18.  As Doe proceeded east on I-20, debris from an unsecured load fell from his motor vehicle into the roadway.

19.  Doe continued driving and abandoned the debris from his motor vehicle in the roadway.

20.  As Plaintiff lawfully slowed for the aforementioned debris, Wood, while traveling too fast for conditions, failed to appreciate the changing traffic conditions ahead and violently collided with the rear of Plaintiff's motor vehicle.

21.  Upon information and belief, Plaintiff's motor vehicle then impacted the abandoned debris in the roadway from Doe's motor vehicle.

22.  Plaintiff was acting in a reasonably prudent and careful manner at all times pertinent hereto.

23.  The collision occurred through no fault of Plaintiff.

24.     As a result of the collision, Plaintiff suffered substantial body trauma and blunt forces trauma.

## FOR A FIRST CAUSE OF ACTION
(Negligence/Gross Negligence as to Wood)

25.     Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein verbatim.

26.     The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Wood, while acting in the ordinary course and scope of his employment, agency, and representation of Patriot, in the following particulars to wit:

   a.  Failing to control his speed in order to do everything necessary to avoid colliding with another vehicle, in violation of S.C. Code Ann. § 56-5-1520(a);

   b.  Failing to reduce the speed of the commercial motor vehicle while approaching another vehicle;

   c.  Following another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway, in violation of S.C. Code Ann. § 56-5-1930;

   d.  Failing to keep a proper lookout;

   e.  Failing to identify and avoid a motor vehicle in the roadway during broad daylight;

   f.  Failing to use brakes and steer inputs to avoid a motor vehicle in the roadway during broad daylight;

   g.  Operating an unsafe commercial motor vehicle, in violation of the FMCSR and S.C. Code Ann. §§ 56-5-4410 and 56-5-5310;

   h.  Recklessly operating a motor vehicle in such a manner as to indicate a willful or wanton disregard for the safety of persons and property, in violation of S.C. Code Ann. § 56-5-2920;

   i.  Failing to operate a commercial vehicle in the manner required by the FMCSR;

j.  Failing to operate a commercial vehicle in the manner required by the FMCSR, as adopted by S.C. Code Ann. § 56-1-2005;

k.  Failing to operate a commercial motor vehicle in the manner required by the professional standards established by the State of South Carolina;

l.  Failing to perform pre- and post-trip inspections;

m.  Operating a commercial motor vehicle while ill or fatigued, in violation the FMCSR and state law;

n.  Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing; and

o.  In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct, and proximate cause of the damages and injuries claimed herein.

27.   As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Wood, Plaintiff suffered physical pain and suffering, mental anguish, emotional distress, impairment of health and bodily efficiency, loss of enjoyment of life, substantial past and future medical expenses, and other damages.

28.   Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Wood as set out above, as well as his violation of state law, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## **FOR A SECOND CAUSE OF ACTION**
### (Negligent Entrustment as to Patriot)

29.   Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

30.   Patriot knew or should have known that Wood was unfit, untrained, and incapable of operating a commercial motor vehicle in the manner required by the FMCSR and state law.

31.     Patriot knew or should have known that Wood's condition, inexperience, and lack of training was evidence that he was incapable of complying with the FMCSR and state law and was therefore a reckless driver.

32.     Patriot entrusted a commercial motor vehicle, an inherently dangerous instrumentality, to Wood despite knowing that he lacked proper training and experience.

33.     Patriot created an appreciable risk of harm to others, including Plaintiff, by entrusting a commercial motor vehicle to Wood.

34.     As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Patriot and Wood, Plaintiff suffered physical pain and suffering, mental anguish, emotional distress, impairment of health and bodily efficiency, loss of enjoyment of life, substantial past and future medical expenses, and other damages.

35.     Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Patriot and Wood as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## FOR A FOURTH CAUSE OF ACTION
### (Negligent Hiring, Supervision, Retention, and Training as to Patriot)

36.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

37.     Patriot owed statutory and common law duties to Plaintiff not to negligently hire, supervise, train or retain commercial truck drivers incapable of complying with all provisions of the FMCSR and state law.

38.     Patriot failed to properly review, interview, or interact with Wood prior to hiring Wood as a commercial truck driver.

39.    Patriot failed to comply with the FMCSR and state law prior to utilizing Wood as a commercial truck driver.

40.    Patriot knew or should have known that Wood lacked the proper training, experience, and ability to comply with all provisions of the FMCSR and state law.

41.    Patriot knew or should have known that Wood's inexperience, lack of training, and inability to comply with the FMCSR and state law was evidence that he was unable to comply with federal law and state law and was, therefore, a reckless driver.

42.    The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Patriot in the following particulars to wit:

    a.  Failing to have in place policies and procedures to train and/or monitor its truck drivers, or if in place, failing to enforce them;

    b.  Failing to have in place policies and procedures to mandate compliance by its drivers with the FMCSR and state laws or regulations or, if in place, failing to enforce them;

    c.  Failing to have in place an adequate safety program for the safety and protection of the motoring public, or if in place, failing to implement it;

    d.  Failing to comply with the FMCSR and state laws when utilizing Wood as a commercial truck driver;

    e.  Failing to properly review, interview, or interact with Wood prior to hiring Wood as a commercial truck driver;

    f.  Failing to properly investigate Wood's compliance with the FMCSR and state law, or Wood's ability to drive to ensure that he possessed the requisite certification, skill and attention necessary to operate a commercial motor vehicle;

    g.  Failing to properly train Wood to inspect, maintain, or repair a commercial motor vehicle as required by the FMCSR and state laws;

    h.  Failing to properly train Wood to operate a commercial motor vehicle in a safe and effective manner;

i.  Failing to ensure Wood had sufficient, adequate, and current training, credentials, and skills to properly operate a commercial motor vehicle;

j.  Entrusting a motor vehicle to Wood despite knowing that he did not have a valid medical certificate and was therefore a reckless driver;

k.  Allowing Wood to continue operating a commercial motor vehicle without the most basic training in violation of the FMCSR and state law;

l.  Allowing Wood to continue operating a commercial motor vehicle with insufficient and unsafe brakes;

m.  Retaining Wood as a commercial truck driver when Patriot knew or should have known that Wood was not qualified nor had the requisite skill to drive a commercial motor vehicle;

n.  Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing; and

o.  In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct, and proximate cause of the damages and injuries claimed herein.

43.    As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Patriot and Wood, Plaintiff suffered physical pain and suffering, mental anguish, emotional distress, impairment of health and bodily efficiency, loss of enjoyment of life, substantial past and future medical expenses, and other damages.

44.    Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Patriot and Wood as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**<u>FOR A FIFTH CAUSE OF ACTION</u>**
(Negligence/Gross Negligence as to Doe)

45.    Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein verbatim.

46.     The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent, careless, willful, wanton, reckless, and grossly negligent acts of Doe in the following particulars to wit:

  a.  In failing to use the degree of care and caution that a reasonably prudent person would use under the circumstances then and there prevailing;

  b.  In failing to keep a proper lookout;

  c.  In failing to properly maintain his motor vehicle;

  d.  In driving a motor vehicle in such a manner as to indicate a willful, wanton, reckless, grossly negligent, and negligent disregard for the safety of others, in violation of S.C. Code § 56-5-2920;

  e.  In failing to keep his vehicle under proper control;

  f.  In failing to properly secure a load to his motor vehicle, and subsequently abandoning the debris from the unsecured load in the roadway;

  g.  In leaving the scene of an accident resulting in bodily injury or property damage without first giving information and rendering aid in violation of S.C. Code Ann. §§ 56-5-1210 and 56-5-1230; and

  h.  In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

All of which acts and omissions, or both, were the actual, direct and proximate cause of the damages and injuries claimed herein.

47.     As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Doe, Plaintiff suffered physical pain and suffering, mental anguish, emotional distress, impairment of health and bodily efficiency, loss of enjoyment of life, substantial past and future medical expenses, and other damages.

48.     Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Doe as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

49.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for the following:

i.      Judgment against Defendants for actual and punitive damages in an amount to be determined by the jury;

ii.     For the costs of this action; and

iii.    For such other and further relief as this court deems just and proper.

PIERCE, SLOAN, KENNEDY & EARLY, LLC
321 East Bay Street
Post Office Box 22437
Charleston, SC 29401
(843) 722-7733

        *s/ J. Morgan Forrester*
Allan P. Sloan, III (Fed. I.D. 6268)
J. Morgan Forrester (Fed. I.D. 12129)
Richard R. Gergel (Fed. I.D. 13170)
Edward J. McAlpine, III (Fed. I.D. 13532)
chipsloan@piercesloan.com
morganforrester@piercesloan.com
richardgergel@piercesloan.com
treymcalpine@piercesloan.com

*Attorneys for Plaintiff*

October 19, 2023
Charleston, South Carolina